
# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CONN APPLIANCES, INC., <br>     Plaintiff, | § § § § | |
| v. | § § | Civil Action No. _____ |
| VERONICA DAVIS, <br>     Defendant. | § § § | |

## PLAINTIFF'S MOTION AND APPLICATION FOR RELIEF REGARDING ARBITRATION AWARD WITH BRIEF IN SUPPORT

Nolan C. Knight  
MUNSCH HARDT KOPF & HARR, P.C.  
3800 Lincoln Plaza  
500 North Akard  
Dallas, Texas 75201  

Michael A. Harvey  
Christopher M. Jordan  
MUNSCH HARDT KOPF & HARR, P.C.  
700 Milam, Ste. 2700  
Houston, Texas 77002

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

I.     SUMMARY OF GROUNDS FOR RELIEF ....................................................................... 1

II.    PARTIES, JURISDICTION, AND VENUE ..................................................................... 2

III.   FACTUAL BACKGROUND .............................................................................................. 3

        A.     The Facts Giving Rise to Arbitration. ..................................................................... 3

        B.     The Arbitration. ....................................................................................................... 3

IV.   THE AWARD SHOULD BE VACATED ........................................................................ 4

V.    CONCLUSION .................................................................................................................... 7

CERTIFICATE OF SERVICE ....................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACA Int'l v. Fed. Communications Comm'n*
    885 F.3d 687, 692, 695, 703 (D.C. Cir. 2018) ........................................................................5

*Dominguez v. Yahoo, Inc.*,
    894 F.3d 116, 121 (3d Cir. 2018) ...........................................................................................6

*Herrick v. GoDaddy.com LLC*,
    2018 WL 2229131 (D. Ariz. May 14, 2018) ..........................................................................6

*King v. Time Warner Cable Inc.*,
    894 F.3d 473, 476-77 (2nd Cir. 2018) ....................................................................................6

*Marshall v. CBE Group, Inc.*,
    2018 WL 1567852 (D. Nev. Mar. 30, 2018) ..........................................................................6

*Sessions v. Barclays Bank Delaware*,
    2018 WL 3134439 (N.D. Georgia June 25, 2018) .................................................................6

*Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*,
    559 U.S. 662 (2010) ............................................................................................................4, 5

**Statutes**

9 U.S.C. § 9 ......................................................................................................................................3

9 U.S.C. § 10 ....................................................................................................................................3

9 U.S.C. § 10(a)(4) ..................................................................................................................1, 5, 6

28 U.S.C. § 1331 ..............................................................................................................................3

28 U.S.C. § 1391(b)(2) ....................................................................................................................3

47 U.S.C. § 227 ................................................................................................................................1

47 U.S.C. § 227(a)(1)(A)–(B) .........................................................................................................2

By agreement, Plaintiff Conn Appliances, Inc. and Defendant Veronica Davis (collectively, the "Parties") placed the following restriction on the powers of an arbitrator who presided over a dispute between them: "The arbitrator may not award relief in a form or amount not allowed *by law*." *See* Exhibit 1 (emphasis added). There is no dispute the substantive "law" that governed the Parties' dispute was the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "TCPA"); nor that under the TCPA, relief can be granted only upon a showing of expressly enumerated criteria.

Although Ms. Davis stipulated she could *not* prove one of the mandatory criteria, and Plaintiff Conn Appliances, Inc. independently demonstrated she could not do so—the arbitrator acted without regard to the mutually agreed upon restrictions placed on him by the Parties and awarded relief to Ms. Davis in a form and amount that contravene the terms of the TCPA. Plaintiff Conn Appliances, Inc. therefore moves to vacate the award pursuant to 9 U.S.C. § 10(a)(4).

## I.   SUMMARY OF GROUNDS FOR RELIEF

1) Defendant Veronica Davis ("Ms. Davis") entered into a retail installment contract and arbitration agreement with Plaintiff Conn Appliances, Inc. ("Conn Appliances") dated August 5, 2015. The arbitration agreement provides the FAA applies, and that any court of competent jurisdiction can enter judgment on the final award.

2) But the agreement also provides "[t]he arbitrator may not award relief in a form or amount not allowed by law." Exhibit 1.

3) Ms. Davis alleged Conn Appliances violated the TCPA by (i) calling her cell phone, (ii) without her prior express consent, (iii) using an automatic telephone dialing system ("ATDS").

4) The TCPA mandates Ms. Davis had to prove *each* of these three criterion.

5) The TCPA in turn defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a *random or sequential number generator*; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)–(B) (emphasis added). Ms. Davis therefore was required to prove a "random or sequential number generator" was used by Conn Appliances as a precondition to TCPA recovery.

6) But Ms. Davis stipulated Conn Appliances' telephone system is *not* a random or sequential number generator.

7) The arbitrator nevertheless disregarded the express restriction in the arbitration agreement that incorporated this statutory condition for a TCPA recovery, by issuing a Final Award, wherein he found Conn Appliances somehow used an ATDS.

8) The Arbitrator's Award exceeds the mutually agreed upon restrictions placed on him by the Parties' contract.

## II.   PARTIES, JURISDICTION, AND VENUE

9) Plaintiff Conn Appliances, Inc. is a domestic for-profit corporation formed under the laws of Delaware with its principal office located at 2445 Technology Forest Blvd., The Woodlands, Texas 77381, which is within the Southern District of Texas.

10) Defendant Veronica Davis is an individual residing in Memphis, Shelby County, Tennessee. Ms. Davis may be served with process at 1804 Westmore CV, Memphis, TN 38106, or wherever she may be found.

11) This court has personal jurisdiction over Ms. Davis, because the cause of action giving rise to her arbitration arose from and/or was directly related to contacts with Texas. For instance, disputed calls originated from Texas. Ms. Davis contracted with and financed goods and services from Conn Appliances, which is principally located in Texas. And Conns

2

Appliances, in its capacity as a potential judgment debtor on Ms. Davis' TCPA claim, is a citizen of Texas.

12) This Court has jurisdiction over this dispute based on federal question jurisdiction under 28 U.S.C. § 1331; as well as the terms of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 9, 10, which authorize a person to confirm or vacate an arbitration award in a court of competent jurisdiction.

13) Venue in this Court is proper because the venue provisions in the FAA are permissive; therefore, the FAA's venue provisions are deferential to the general venue mandates of 28 U.S.C. § 1391(b)(2). In addition, the parties' arbitration agreement states: "[j]udgment on the award may be entered in any court with jurisdiction." Exhibit 1.

### III.   FACTUAL BACKGROUND

**A.   The Facts Giving Rise to Arbitration**

14) On August 5, 2015, Ms. Davis signed a retail installment contract with Conn Appliances, whereby she purchased appliances on credit and agreed to make monthly payments. *See* Exhibit 1.

15) Ms. Davis missed multiple payments, and pursuant to consent she had provided in the retail installment contract, Conn Appliances contacted her on her mobile phone attempting to collect on her delinquent account. *See, e.g.*, Exhibit 2 at 40:12-41:19.

16) Ms. Davis has contended those calls violated the TCPA. *See* Exhibit 3.

**B.   The Arbitration**

17) Pursuant to an arbitration clause imbedded in the retail installment contract; on November 7, 2017, Ms. Davis initiated an arbitration on her TCPA claim against Conn Appliances. *See* Exhibits 3, 4.

18) The parties presented their cases to the arbitrator on February 5, 2019. *See generally* Exhibit 2.

19) Conn Appliances proved Ms. Davis could not meet her evidentiary burden because, *inter alia*, Conn Appliances did *not* use an ATDS, which is an absolute precondition to recovery under the TCPA.

20) Conn Appliances indeed filed prehearing and post-hearing briefs raising the ATDS requirement as an absolute pre-condition to Ms. Davis' claim. *See* Exhibit 5, 6.

21) In both filings, Conn Appliances set forth the TCPA's requirement that an ATDS use a "random or sequential number generator." *See* Exhibits 5, 6.

22) At the arbitration, Ms. Davis even *stipulated* Conn Appliances' telephone system did *not* use a random or sequential number generator. *See* Exhibit 2 at 425:9-17.

23) There consequently was no factual dispute Conn Appliances did *not* use a random or sequential number generator as would be required for TCPA liability.

24) The arbitrator nevertheless disregarded this legal mandate, and the corresponding restrictions placed on his power, by finding Conn Appliances somehow used an ATDS in violation on the TCPA. *See* Exhibit 7.

### IV. THE AWARD SHOULD BE VACATED

25) The arbitrator exceeded his authority by failing to conform his ruling to the contractual limitation on his powers, which in pertinent part was conditioned on the TCPA's statutory definition of ATDS.

26) Vacatur is proper under these circumstances, because: "It is . . . when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] [his] own brand of industrial justice' that [his] decision may be unenforceable." *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662, 671 (2010). "In that situation, an

4

arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator 'exceeded [his or her] powers,' for the task of an arbitrator is to interpret and enforce a contract, not to make public policy." 559 U.S. at 671.[1]

27) Here, the Parties' agreement states: "The arbitrator may not award relief in a form or amount not allowed by law." Exhibit 1. Although Ms. Davis stipulated she could not prove the random or sequential number generator criterion, and Conn Appliances independently demonstrated she could not do so—the arbitrator acted without regard to the mutually agreed upon restrictions placed on him by the Parties and awarded relief to Ms. Davis in a form and amount that contravene the terms of the TCPA.

28) And the "random or sequential number generator" requirement clearly is a statutory precondition under the TCPA.

29) In *ACA Int'l v. Fed. Communications Comm'n,* for instance, the D.C. Circuit vacated regulatory pronouncements from the Federal Communication Commission ("FCC") that previously had suggested otherwise. 885 F.3d 687, 692, 695, 703 (D.C. Cir. 2018). The D.C. Circuit Court held the FCC Orders were arbitrary and capricious in that certain language in the orders appeared to require random or sequential number generation, while at the same time other portions of the orders did not. *Id.* at 701-06.

---

[1] In the most narrow sense of 9 U.S.C. § 10(a)(4), the arbitrator's error here was conduct in excess of his powers. Out of an abundance of caution, Conn Appliances alternatively notes a historical, and standalone ground to set aside an arbitration award premised on "manifest disregard of the law." *See Stolt-Nielsen S.A.*, 559 U.S. at 671. Whereas non-statutory challenges to an arbitration award no longer are permissible pursuant to United States Supreme Court precedent, there remains an open question whether the manifest disregard standard more properly should be understood as a "judicial gloss" on what otherwise should be deemed actions in excess of power within the meaning of § 10(a)(4). *Id.* at 672, n.3. In that regard, the arbitrator's actions here alternatively fit within the manifest disagreed framework, because Conn Appliances repeatedly directed the arbitrator to the legal precedent regarding ATDS and recovery under the TCPA—yet the arbitrator simply "refus[ed] to apply it." *Id.*

30) The result is the definition of ATDS is now governed *solely* by the plain language of the TCPA, which clearly and unequivocally requires telephone equipment to use a random or sequential number generator.

31) Other circuit courts have concurred the statutory language of the TCPA controls.

32) For instance, in *Dominguez v. Yahoo, Inc.*, the Third Circuit Court of Appeals held equipment does *not* qualify as an ATDS unless it has the "present capacity" to "generat[e] random or sequential telephone numbers and dial[…] those numbers." 894 F.3d 116, 121 (3d Cir. 2018) (emphasis added).

33) Likewise, the Second Circuit Court of Appeals in *King v. Time Warner Cable Inc.*, held the *ACA International* case "removed any deference [the court] might owe to the views [of] the FCC expressed [in the regulations]." 894 F.3d 473, 476 – 77 (2nd Cir. 2018).[2]

34) The arbitrator's disregard of the express limitation imposed on him by the Parties' incorporation of the TCPA therefore was error, as it exceeded the mutually agreed upon restriction placed on him by the Parties' arbitration agreement within the meaning of 9 U.S.C. § 10(a)(4).

---

[2] As of the date of this filing, the Fifth Circuit has yet to adjudicate this issue. But in addition to the circuit-level authority referenced above, which shows fealty to the TCPA's statutory language, several district courts throughout the country also have acknowledged the statutory requirement for a random or sequential number generator controls. *Marshall v. CBE Group, Inc.*, 2018 WL 1567852, at *5 (D. Nev. Mar. 30, 2018) ("In light of this ruling, the Court will not stray from the statute's language . . . ." (footnote omitted)). *Herrick v. GoDaddy.com LLC*, 2018 WL 2229131, at *8 (D. Ariz. May 14, 2018) ("As a result of the D.C. Circuit's holding on this issue, this Court will not defer to any of the FCC's 'pertinent pronouncements' . . . ."); *Sessions v. Barclays Bank Delaware*, 2018 WL 3134439 at p. *4 (N.D. Georgia June 25, 2018) (applying plain language of the Act, as opposed to past FCC regulations because "the D.C. Circuit clearly held that it invalidated *all* of the FCC's pronouncements as to the definition of 'capacity' as well as its descriptions of the statutory functions necessary to be an ATDS . . . .") (emphasis added).

## V. CONCLUSION

WHEREFORE, Plaintiff Conn Appliances, Inc. respectfully requests this Court vacate the Final Award; find herein, or remand to the arbitrator to re-designate Conn Appliances the prevailing party; and grant Conn Appliances all other relief to which it may be entitled.

Respectfully submitted,

/s/  Nolan C. Knight
Michael A. Harvey,
  TX 00797164
Christopher M. Jordan
  TX 24087817
MUNSCH HARDT KOPF & HARR, P.C.
700 MILAM, STE. 2700
HOUSTON, TEXAS 77002
Email: mharvey@munsch.com
E-mail: cjordan@munsch.com
Telephone: (713) 222-1470
Facsimile: (713) 222-1475

Nolan C. Knight
  TX Bar No. 24027125
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201
E-mail: nknight@munsch.com
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**COUNSEL FOR PLAINTIFF CONN APPLIANCES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that Summons has been requested and shall be served on Defendant Veronica Davis.

/s/ Nolan C. Knight