Ex. 1

**RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

**TN**

CONN APPLIANCES, INC.

Date 08/05/2015   0 Odd Days

3525 RIVERDALE ROAD
MEMPHIS
TENNESSEE 38115
901/566-0247

Acct. No. APPROVED APP
Salesman BRYSON, FRANCINA

Invoice No. 161-027649516/001

DUNS INSTALLMENT QUESTIONS TX WINS MAINS CUST SERVICE CALL 1-877-496-1252

Full Name of Buyer
DAVIS, VERONICA K
Co-Buyer

Street Address 1804 WESTMORE CV
City/State MEMPHIS, TN   ZIP 38106
Telephone is Home 901/489-5752 Employment 662/342-5009

Buyer and any Co-Buyer are referred to in this contract individually and collectively as "Buyer", "you", or "your", and includes their heirs, personal representatives, and executors. If this contract is signed by a Buyer and a Co-Buyer, each agrees to keep all the promises in this contract even if the other does not. Conn Appliances, Inc. is referred to as "Seller" or "our", and includes all of its successors and assigns. This contract may be assigned and transferred by Seller, but Buyer may not assign or transfer its rights or obligations without the prior written consent of Seller.

| Quan. | Lot No. | Factory No. | Color or Size | ARTICLES | PRICE |
|---|---|---|---|---|---|
| 1 | | 47B3 | | METRO RED SOFA | 709.99 |
| 1 | | 47B2 | | METRO RED LOVE SEAT | 689.99 |
| 1 | | DELIVERY | | STANDARD DELIVERY C | 139.99 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Manufacturers warranty, where applicable, will be provided separately.

IN THE EVENT THE UNDERSIGNED SELLER HEREBY SELLS AND THE UNDERSIGNED BUYER HEREBY PURCHASES THE ABOVE DESCRIBED PROPERTY SUBJECT TO ALL OF THE TERMS AND CONDITIONS SET FORTH IN THIS CONTRACT.

| | |
|---|---|
| TOTAL | 1539.97 |
| SALES TAX | 142.44 |

### TRUTH-IN-LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit including your downpayment of $140.00 |
| 20.98% | $ 452.89 | $ 1542.41 | $ 1995.30 | $ 2135.30 |

Your payment schedule will be:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 30 | 66.51 | SEP. 05 2015, and the same day each month |

Security : You are giving a security interest in:
X the goods or property being purchased
_____ the goods described in Prior Contract(s)#

Late Charge : If a scheduled installment payment is not paid in full upon the 10th day after the scheduled due date, you will be charged either $5 if the installment payment due is $25 or less, or $10 if the installment payment is more than $25.
Prepayment : You may prepay your debt early. If you pay off your debt early, you will be entitled to a refund of part of the Finance Charge and unearned insurance premium.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties.

INSURANCE: Credit life insurance, credit disability insurance and credit involuntary unemployment insurance are not required to obtain credit, and will be provided unless you sign and agree to pay the additional cost. Buyer's decision to accept or deny credit life insurance, credit disability insurance, or involuntary unemployment insurance is not a factor in Seller's decision to approve the credit extended by this contact.

| TYPE | PREMIUM | SIGNATURE |
|---|---|---|
| CREDIT LIFE | NONE | I want ☐/do not want ☐ Buyer |
| CREDIT LIFE AND | NONE | I want ☐/do not want ☐ Buyer |
| CREDIT DISABILITY | NONE | I want ☐/do not want ☐ Co-Buyer (life only) |
| CREDIT INVOLUNTARY UNEMPLOYMENT (Buyer Only) | NONE | I want ☐/do not want ☐ Buyer |

Property insurance is required in connection with this purchase. Buyer may furnish property insurance through an existing policy of insurance owned or controlled by the Buyer or an insurance policy obtained from an insurance company authorized to do business in Tennessee.

Property Coverage Purchased $

I elect to: (1)☐ purchase property insurance through Seller; or
(2)☒ supply my own property insurance coverage
Signature: _Veronica Davis_

If you purchase property insurance through Seller, it will cost $2.80 per $100 per year, for a total of _____. Seller's coverage might duplicate existing coverage if Buyer has a residential property insurance policy. Seller's coverage ceases on the earlier of the stated maturity date of this contract or when you have fully paid the debt, whichever comes first. Seller's coverage is primary, so if the lost to be used in the event of a loss on the property it covers. Buyer may cancel Seller's property insurance coverage at any time and replace it with an alternative property insurance policy furnished by Buyer from an insurance company acceptable to Seller by calling Seller at the toll-free number provided or by writing Seller and providing evidence of alternative coverage as required above.
For additional details relating to credit insurance purchased through Seller please refer to the "General Information Summary Page," the terms on the reverse side of this contract, and the group certificate of insurance describing other limitations, restrictions, and conditions.

| ITEMIZATION OF AMOUNT FINANCED | | |
|---|---|---|
| 1. CASH PRICE (including Sales Tax) | | $ 1682.41 |
| a. CASH DOWN PAYMENT | $ 140.00 | RECEIVED BY |
| b. TRADE IN | $ | (DESCRIBE) |
| 2. TOTAL DOWN PAYMENT (a + b) | $ 140.00 | |
| 3. UNPAID BALANCE OF CASH PRICE (1 - 2) | | $ 1542.41 |
| GROSS PREMIUMS INDICATED | PLUS (OUT BALANCE) .00 | $ |
| FINANCE CHARGE REFUND | $ | |
| SURCHARGE REFUND | $ | |
| TOTAL FINANCE CHARGE REFUND | $ | |
| CREDIT LIFE INS. REFUND | $ | |
| CREDIT DISABILITY INSURANCE REFUND | $ | |
| PROPERTY INS. REFUND | $ | |
| CREDIT INVOLUNTARY UNEMPLOYMENT INS. REFUND | $ | |
| 4. NET BALANCE - PRIOR CONTRACT | $ | |
| | SUB TOTAL | $ 1542.41 |

| ALL INSURANCE CHARGES PAID TO INSURANCE COMPANIES | | |
|---|---|---|
| *c. OTHER CHARGES PAID TO | $ | |
| *d. CREDIT LIFE INSURANCE | $ | NONE |
| *e. CREDIT DISABILITY INSURANCE | $ | NONE |
| *f. CREDIT INVOLUNTARY UNEMPLOYMENT INSURANCE | $ | NONE |
| *g. PROPERTY INSURANCE | $ | |
| 5. (c + d + e + f + g) | TOTAL OTHER CHARGES | $ |
| 6. AMOUNT FINANCED (3 + 4 + 5) | | $ 1542.41 |
| FINANCE CHARGE | | $ 452.89 |
| TOTAL OF PAYMENTS | | $ 1995.30 |

* We may be retaining a portion of these amounts as compensation.

Assigned to Conn's Receivables 2016-A Trust, which has directly or indirectly pledged all of its rights and interests herein to Wells Fargo Bank, National Association, as Trustee for the benefit of the Series 2016-A Noteholders.

**ADDITIONAL DISCLOSURES AND CONTRACT TERMS INCLUDING SECURITY INTEREST APPEAR ON REVERSE SIDE HEREOF AND ARE PART OF THIS CONTRACT.**
**NOTICE TO BUYER: DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND RECEIVE A PARTIAL REFUND OF CREDIT OR THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.**

**ACKNOWLEDGEMENT OF RECEIPT.** Buyer understands that the Seller will rely upon this representation and acknowledgement in accepting Buyer's obligation and granting credit. Buyer represents to Seller that at the time Buyer received a copy of this contract, the contract did not contain any blank spaces for items that are essential provisions of the transaction. Buyer also acknowledges receipt of a copy of CONN'S FINANCIAL INFORMATION PRIVACY NOTICE. BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF THIS RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT.

_Veronica Davis_   08/05/2015
Buyer   XXX-XX-6247   DATE

CONN'S

BY BRYSON, FRANCINA
By Authorized Representative

Co-Buyer
NOTICE: See reverse side for important information
Rev. 05/05/14 TN

CORPORATE COPY

CONSENT TO PHONE AND TEXT CONTACT: Buyer authorizes Seller, its affiliates, agents and assigns, servicers, attorneys, and debt collectors to contact Buyer at any phone number, including wireless, cellular, or mobile phone number. THIS CONSENT APPLIES EVEN IF YOU ARE CHARGED FOR THE CALL AND AUTHORIZE US TO PLACE TELEPHONE CALLS TO YOU AT THAT NUMBER. SUCH CONSENT EXPRESSLY INCLUDES AUTHORIZATION FOR SELLER AND/OR OUR AFFILIATES AND/OR AGENTS) TO SEND TEXT MESSAGES AND/OR PLACE TELEPHONE CALLS TO CELLULAR OR LANDLINE TELEPHONE NUMBERS USING PRE-RECORDED OR ARTIFICIAL VOICE MESSAGES, AS WELL AS CALLS MADE BY AN AUTOMATIC DIALING SYSTEM. SIMILARLY, FOR EMAIL ADDRESS YOU PROVIDE TO SELLER, YOU AUTHORIZE US TO SEND EMAILS TO YOU AT THAT ADDRESS REGARDING YOUR ACCOUNT.

PROMISE TO PAY/ALLOCATION OF PAYMENTS: All goods and services described in each Prior Contract together with goods and services described herein and purchased under this contract are together referred to as the "Property." Buyer agrees to purchase on credit the Property according to the terms of this contract. Buyer promises to pay Seller the Total of Payments shown of the front of this contract in consecutive monthly installments as indicated in the Payment Schedule. Payments received will be applied first to any late charge that you designate to be paid, then to any deferral charge, and thereafter to the unpaid balance of the Total of Payments, unless applicable law requires a different application. Any amounts remaining unpaid on the final payment due date will be due in full on that date. If the Property consists of more than one item purchased at the same time, each installment payment shall be allocated to all the various purchase obligations in the same ratio that the original cash price of each item bears to the total cash prices of all such items.

SECURITY INTEREST: Pursuant to the Tennessee law, Buyer grants a security interest in the Property and all proceeds of the Property, cash insurance policy financed by this contract and all proceeds of those policies, and any refunds of insurance premiums, and any refunds of repair service contracts, to secure payment of the purchase price of the Property. In the event of default, Seller will have the rights of a secured party under applicable law and, following any notice and opportunity to cure that may be required by applicable law, may repossess the Property but only if done lawfully and without breach of the peace . Until the debt is paid in full, Buyer will not transfer, abandon, sell, assign, lease or encumber the Property (except for the security interest granted to Seller) without the Seller's written consent. Buyer agrees that the debt owed under this contract must be paid even if the Property is lost, damaged, or destroyed, and any available property insurance proceeds do not pay off the debt in full.

ARBITRATION CLAUSE: In this clause, "we" and "us" mean Seller and its affiliates, subsidiaries, employees, officers, directors, agents, servicers, or assigns. A "Dispute" is any claim, dispute or controversy arising from or relating to this Agreement, including without limitation disputes relating to the Property, this Agreement, other documents you sign or are provided, any claim, dispute, or controversy alleging fraud, misrepresentation, any other claim, whether under common law, equity, or under federal, state, or local law or regulation, any dispute about collection activity we take regarding monies owed under this Agreement, disputes about the scope and validity of this clause, other disputes as to matters subject to arbitration, and disputes about the enforcement or interpretation of any other part of this Agreement. You agree that upon your election or our election, any Dispute shall be resolved exclusively by binding individual arbitration. Arbitration shall be by the American Arbitration Association ("AAA"). The AAA will apply its consumer rules in effect when the claim is filed. Alternatively, with our consent, you may select another arbitration association and its rules. One arbitrator will arbitrate the Dispute. The arbitrator shall be an attorney, retired judge, or arbitrator experienced in consumer finance and debt collection. The arbitrator shall be registered and in good standing with an arbitration association. The arbitrator shall apply this clause and the rules of the selected arbitration association.

Arbitration will be on an individual basis, not as a class action. You waive your right to be a class representative or class member regarding any claim you may have against us. You also waive any right you may have to any consolidation of individual arbitrations. If we sue in court to collect amounts you owe, you agree that any counterclaim you may bring in any such action shall be brought on an individual basis only and not as a class representative or class member. This paragraph is referred to below as the "Class Action Waiver."

This arbitration clause does not waive any of your rights and remedies to pursue a claim individually (and not as a class action) in binding arbitration. Unless the arbitration organization's rules require otherwise, arbitration costs and fees will be split equally up to $500 each. Thereafter, Seller will pay all arbitrator's costs and fees subject to reapportionment in the award. Seller will pay all such fees necessary to ensure that this arbitration clause is enforceable. Unless prohibited by law or the arbitration organization's rules, the arbitrator may award to appropriate arbitrator's fees, attorney's fees and costs. The arbitrator may not award relief in a form or amount not allowed by law. Any arbitration hearing will take place near your residence. This arbitration clause shall be governed by the Federal Arbitration Act, and not by any state law that might otherwise apply. Judgment on the award may be entered in any court with jurisdiction. This arbitration clause and Class Action Waiver shall survive the termination, payoff, assignment or transfer of this Agreement. It shall also inure to the benefit of and be binding on each party and their respective heirs, successors and assigns. If any part of this arbitration clause and Class Action Waiver is found by a court to be unenforceable, the rest remains enforceable. If this Class Action Waiver is found by a court to be unenforceable, the entire arbitration clause shall be unenforceable. Notwithstanding the foregoing, each party retains the right to seek relief in a small claims court for disputes or claims within the scope of its jurisdiction, but any such lawsuits and counterclaims will be subject to the Class Action Waiver in this arbitration clause.

YOU MAY OPT OUT OF THIS CLAUSE. To opt out of this Arbitration Clause, send us a notice that you do not want this clause to apply to this Agreement. For your opt out to be effective, you must send your opt out notice to the following address, by registered mail, within 14 days of this Agreement: Conn Appliances, Inc., 4055 Technology Forest Blvd. Suite 210, The Woodlands, TX, 77381 Attention: Credit Compliance Officer.

LATE CHARGE: If a scheduled installment payment is not paid in full upon the 10th day after the scheduled due date, you will be charged either $5 if the installment payment due is $25 or less, or $10 if the installment payment due is more than $25.

RETURNED PAYMENT CHARGE: Buyer agrees to pay a $30 fee if any check or other instrument tendered as payment is returned or dishonored.

PREPAYMENT: Buyer may prepay the unpaid balance of this contract in full or in part at any time before maturity. Partial prepayment will not excuse payment of any later installment. Upon prepayment in full or if the debt is accelerated after default, Buyer shall receive a refund or credit in an amount that represents at least as great a proportion of the finance charge, after first deducting there from an acquisition cost not to exceed the sum of fifteen dollars ($15.00), as the sum of the monthly time balances beginning one (1) month after prepayment is made bears to the sum of all the monthly time balances under the schedule of payments in this contract. If the amount of the refund or credit is less than one dollar ($1.00), no refund or credit will be made. In addition, Seller shall be entitled to receive any proceeds or refunds of prepaid insurance premiums from any insurance company issuing a policy in conjunction with this debt, and such amount shall be credited to the debt or refunded.

DEFERRAL CHARGE: Before or after default, Seller and Buyer may agree in writing to a deferral of all or part of one or more unpaid installments, and Seller may make and collect a charge not exceeding the Annual Percentage Rate disclosed on the front side of this contract, applied to the amount or amounts deferred for the period of deferral calculated without regard to differences in the lengths of months, but proportionally for a part of a month, counting each day as one-thirtieth of a month. The deferral charge must be paid at the time it is assessed. If an installment is not paid within 10 days after its due date, Seller may unilaterally grant a deferral and make the charges as provided in this section, but no deferral charge will be made for a period after the date that Seller elects to accelerate the maturity of the debt.

ACCELERATION UPON DEFAULT: Buyer shall be in default hereunder if: Buyer fails to pay any scheduled installment when due or perform any of the Buyers other obligation hereunder, or Seller believes in good faith that the prospect of Buyer's payment or performance is impaired. If Buyer is in default, Seller may, at its option, following any notice and opportunity to cure that may be required by applicable law, declare immediately due and payable the entire unpaid balance of this contract less any credits or refunds of unearned Finance Charge or insurance premiums as described above under the paragraph entitled "Prepayment", in the event of default, Buyer also agrees that Seller, may, at its option and following any notice and opportunity to cure that may be required by applicable law, terminate any insurance contracts purchased through Seller to obtain refunds of unearned charges to reduce what Buyer owes under this contract.

CANCELLATION OF INSURANCE AND REPAIR SERVICE AGREEMENTS: In the event Buyer defaults on this contract which results in subsequent charge off of the contract by the Seller, the Seller may, at its option, without notice or demand, and Buyer hereby authorizes Seller to, cancel any existing insurance policies sold by Seller and/or repair service agreements purchased with this contract. In the event of insurance policy and/or repair service agreement cancellation, any premium refunds will be applied to the balance of this contract. Any amount remaining after repayment of this contract will be refunded to Buyer. If at any time the Buyer elects to cancel the insurance policy or repair service agreement, all refunds due under the policy and/or agreement, as applicable, will be credited to the contract.

MISCELLANEOUS: Buyer represents to Seller that Buyer has not received an extension of credit from any source other than Seller in connection with the purchase of the Property. Buyer agrees that if Seller fails to exercise any of its rights upon default, such failure shall not be considered a waiver of any of Seller's rights with respect to such default or of any rights upon any subsequent defaults. Any part of this contract contrary to the law of Tennessee shall not invalidate other parts of this contract. Buyer and Seller agree to comply strictly with applicable laws and further agree that Seller's rights (a) may not be exercised except to the extent permitted by applicable law, (b) will be construed so as to comply with applicable laws, and (c) are limited by applicable laws to the extent such laws may not be lawfully waived. Under no circumstances will Buyer ever be required to pay a Finance Charge or other amount in excess of what the law allows. This contract shall be governed by the laws of the State of Tennessee and applicable federal law.

The Property is bought for use primarily for personal, family, or household purposes and will be kept at the residence of the Buyer. Buyer agrees to pay reasonable attorney's fees (but not in excess of 15% of the unpaid debt after default) if this contract is referred for collection to an attorney who is not a salaried employee of Seller, and court costs and disbursements as allowed by law.

ALL PROPERTY IS PURCHASED WITHOUT EXPRESS OR IMPLIED WARRANTIES FROM SELLER, EXCEPT TITLE. SELLER DISCLAIMS ANY AND ALL WARRANTIES, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. This provision does not affect any applicable manufacturer warranty. In no event shall Seller have any liability for consequential damages for the use of or any defect in the Property unless this disclaimer is not permitted by applicable law.

> NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

PROPERTY RETURNS OR EXCHANGES. Buyer agrees that the Property may be returned or exchanged only in accordance with Seller's published Return & Exchange Policy from time to time in effect, including payment of any applicable restocking fee. If a return results in cancellation of this contract, and Buyer is due a refund of a down payment or other amount, Seller may apply the amount of the refund to the applicable restocking fee if the fee is not paid from other funds at the time the Property is returned, and Buyer will receive the excess amount, if any. If the restocking fee exceeds the refund amount, or if no refund is owed, Buyer agrees to pay the amount of the restocking fee upon return of the Property and the obligation will survive the cancellation of this contract.

PARTIAL RETURNS: If this contract finances the purchase of more than one item of Property, and Buyer returns one or more, but not all items, in accordance with Seller's returns policy, Buyer will receive a credit to the payoff balance under this contract for the portion of the Amount Financed represented by the purchase price of the returned item(s) and the sales tax and Finance Charge attributed to these amounts. Buyer will also receive credit for the unearned portion of the credit insurance premium added to the contract which was attributed to the returned item(s). If Buyer also cancels any service repair agreement relating to the returned item(s), Buyer will receive a credit for any unearned service repair agreement fee if permitted by, and in accordance with, the terms of that agreement. The aggregate credit for the returned item(s) will be applied to the final installment(s) under this contract in the inverse order of maturity unless applicable law requires a different application. Except for the affected final installment(s), the credit will not be applied to cure any past due amounts owing under this contract, or result in the reduction of future monthly payment amounts or postponement of scheduled future installments.

FURNISHING OF CREDIT INFORMATION: Seller may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

ELECTRONIC CHECK CONVERSION: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process as a check transaction.

## ASSIGNMENT

FOR VALUE RECEIVED the Seller hereby sells, assigns and transfers to Conn Credit I, LP a Texas Limited Partnership ("Assignee") (a) all of its rights, title and interest in and to this contract, (b) all of its right, title and interest in and to the indebtedness evidenced hereby or payable hereunder, and (c) all of its right, title and interest in and to all security interests provided herein, including all of its right, title and interest in and to the Property, together with all moneys now and hereafter due and or to become due thereon. Seller has retained all servicing responsibilities. Unless Seller, Assignee, or Bank notifies Buyer otherwise, all payments under this contract must be made to Seller.

The undersigned warrants that the preceding paragraph signed by the Buyer named on the reverse hereof is accurate, complete and up-to-date in all material respects.

SOLD, ASSIGNED, AND TRANSFERRED TO
CONN CREDIT I, LP by CONN APPLIANCES, INC., dba CONN'S

*M. John*

Authorized Signature of Conn Appliances, Inc.
3295 College Street
Beaumont, Texas 77701

# TN

**RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

CONN APPLIANCES, INC.

Date 08/05/2015 0 Odd Days

3525 RIVERDALE ROAD
MEMPHIS
TENNESSEE 38115
901/566-0247

Acct. No. APPROVED APP
Salesman BRYSON, FRANCINA

Invoice No. 161-027649516/001

**Full Name of Buyer**
DAVIS, VERONICA K
Co-Buyer
Street Address 1804 WESTMORE CV
City/State MEMPHIS, TN     ZIP 38106
Telephone 's Home 901/489-5752 Employment 662/342-5009

Buyer and any Co-Buyer are referred to in this contract individually and collectively as "Buyer", "you", or "your", and includes their heirs, personal representatives, and executors. If this contract is signed by a Buyer and a Co-Buyer, each agrees to keep all the promises in this contract even if the other does not. Conn Appliances, Inc. is referred to as "Seller" or "our", and includes all of its successors and assigns. This contract may be assigned and transferred by Seller, but Buyer may not assign or transfer its rights or obligations without the prior written consent of Seller.

| Quan. | Lot No. | Factory No. | Color or Size | ARTICLES | PRICE | |
|---|---|---|---|---|---|---|
| 1 | | 47B3 | | METRO RED SOFA | 709 | 99 |
| 1 | | 47B2 | | METRO RED LOVE SEAT | 689 | 99 |
| 1 | | DELIVERY | | STANDARD DELIVERY C | 139 | 99 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Manufacturers warranty, where applicable, will be provided separately.

| | TOTAL | 1539 | 97 |
|---|---|---|---|
| WITNESSETH THE UNDERSIGNED SELLER HEREBY SELLS AND CONN APPLIANCES HEREBY PURCHASES THE ABOVE DESCRIBED PROPERTY SUBJECT TO ALL OF THE TERMS AND CONDITIONS SET FORTH IN THIS CONTRACT. | SALES TAX | 142 | 44 |

## TRUTH-IN-LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all the payments as scheduled. | The total cost of your purchase on credit including your downpayment of $ 140.00 |
| 20.98 % | $ 452.89 | $ 1542.41 | $ 1995.30 | $ 2135.30 |

Your payment schedule will be:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 30 | 66.51 | SEP. 05 ,2015 , and the same day each month |

Security : You are giving a security interest in:
   X  the goods or property being purchased

       the goods described in Prior Contract(s)#

**Late Charge :** If a scheduled installment payment is not paid in full upon the 10th day after the scheduled due date, you will be charged either $5 if the installment payment due is $25 or less, or $10 if the installment payment due is more than $25.
**Prepayment :** If you prepay your debt early, if you pay off your debt early, you will be entitled to a refund of part of the Finance Charge and earned insurance premium.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties.

**INSURANCE:** Credit life insurance, credit disability insurance and credit involuntary unemployment insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost. Buyer's decision to accept or deny credit life insurance, credit disability insurance, or involuntary unemployment insurance is not a factor in Seller's decision to approve the credit extended by this contact.

| TYPE | PREMIUM | SIGNATURE |
|---|---|---|
| CREDIT LIFE | NONE | I want ☐/do not want ☐ Buyer |
| CREDIT LIFE AND | NONE | I want ☐/do not want ☐ Co-Buyer |
| CREDIT DISABILITY | NONE | I want ☐/do not want ☐ Co-Buyer (life only) |
| CREDIT INVOLUNTARY UNEMPLOYMENT (Buyer Only) | NONE | I want ☐/do not want ☐ Buyer |

Property insurance is required in connection with this purchase. Buyer may furnish property insurance through an existing policy of insurance owned or controlled by the Buyer or an insurance policy obtained from an insurance company authorized to do business in Tennessee.

Property Coverage Purchased $
I elect to: (1)☐ purchase property insurance through Seller; or
          (2)☒ supply my own property insurance coverage
Signature: _Veronica Davis_
If you purchase property insurance through Seller, it will cost $2.80 per $100 per year, for a total of $____. Seller's coverage might duplicate existing coverage if Buyer has a residential property insurance policy. Seller's coverage ceases on the earlier of the stated maturity date of this contract or when you have fully paid the debt, whichever comes first. Seller's coverage is primary, so it is the first so be used in the event of a loss on the property it covers. Buyer may cancel Seller's property insurance coverage at any time and replace it with an alternative property insurance policy furnished by Buyer from an insurance company acceptable to Seller by calling Seller at the toll-free number provided or by writing Seller and providing evidence of alternative coverage as required above.
For additional details relating to credit insurance purchased through Seller please refer to the "General Information Summary Page," the terms on the reverse side of this contract, and the group certificate of insurance describing other limitations, restrictions, and conditions.

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1. CASH PRICE (including Sales Tax) | | $ 1682.41 |
| a. CASH DOWN PAYMENT | $ 140.00 | RECEIVED BY |
| b. TRADE IN | $ | -DESCRIBE) |
| 2. TOTAL DOWN PAYMENT (a + b) | $ | 140.00 |
| 3. UNPAID BALANCE OF CASH PRICE (1 - 2) | | $ 1542.41 |
| GROSS PREVIOUS BALANCE (SUB BALANCE) | .00 | $ |
| FINANCE CHARGE REFUND | $ | |
| SURCHARGE REFUND | $ | |
| TOTAL FINANCE CHARGE REFUND | $ | |
| CREDIT LIFE INS. REFUND | $ | |
| CREDIT DISABILITY INSURANCE REFUND | $ | |
| PROPERTY INS. REFUND | $ | |
| CREDIT INVOLUNTARY UNEMPLOYMENT INS. REFUND | $ | |
| 4. NET BALANCE - PRIOR CONTRACT | | $ |
| | SUB TOTAL | $ 1542.41 |

### ALL INSURANCE CHARGES PAID TO INSURANCE COMPANIES

| | | |
|---|---|---|
| *c. OTHER CHARGES PAID TO | $ | |
| *d. CREDIT LIFE INSURANCE | $ | NONE |
| *e. CREDIT DISABILITY INSURANCE | $ | NONE |
| *f. CREDIT INVOLUNTARY UNEMPLOYMENT INSURANCE | $ | NONE |
| *g. PROPERTY INSURANCE | $ | |
| 5. (c + d + e + f + g) | TOTAL OTHER CHARGES | $ |
| 6. AMOUNT FINANCED (3 + 4 + 5) | | $ 1542.41 |
| | FINANCE CHARGE | $ 452.89 |
| | TOTAL OF PAYMENTS | $ 1995.30 |

* We may be retaining a portion of these amounts as compensation.

This instrument is assigned
as collateral to Bank of America, N.A.

**ADDITIONAL DISCLOSURES AND CONTRACT TERMS INCLUDING SECURITY INTEREST APPEAR ON REVERSE SIDE HEREOF AND ARE PART OF THIS CONTRACT.**
**NOTICE TO BUYER. DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND RECEIVE A PARTIAL REFUND OR CREDIT OF THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.**
**ACKNOWLEDGEMENT OF RECEIPT.** Buyer understands that the Seller will rely upon this representation and acknowledgement in accepting Buyer's obligation and granting credit. Buyer represents to Seller that at the time Buyer received a copy of this contract, the contract did not contain any blank spaces for items that are essential provisions of the transaction. Buyer also acknowledges receipt of a copy of CONN'S FINANCIAL INFORMATION PRIVACY NOTICE. BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF THIS RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT.

Buyer _Veronica Davis_     08/05/2015 DATE     CONN'S
XXX-XX-6247

Co-Buyer _____     BRYSON, FRANCINA
NOTICE: See reverse side for important information     By Authorized Representative
Rev. 05/05/14 TN

CORPORATE COPY

CONSENT TO COMMUNICATION: You expressly consent to us contacting you using any telephone number (including a wireless telephone number) or email address you have provided, or may later provide, to us or that we have or may otherwise obtain, AND YOU AUTHORIZE US TO PLACE TELEPHONE CALLS TO YOU AT THAT NUMBER. SUCH CONSENT EXPRESSLY INCLUDES AUTHORIZATION FOR SELLER (AND/OR OUR AFFILIATES AND/OR AGENTS) TO SEND TEXT MESSAGES AND/OR PLACE TELEPHONE CALLS TO CELLULAR OR LANDLINE TELEPHONE NUMBERS USING PRE-RECORDED OR ARTIFICIAL VOICE MESSAGES, AS WELL AS CALLS MADE BY AN AUTOMATIC DIALING SYSTEM. SIMILARLY, EACH EMAIL ADDRESS YOU PROVIDE TO SELLER, YOU AUTHORIZE US TO SEND EMAILS TO YOU AT THAT ADDRESS REGARDING YOUR ACCOUNT.

PROMISE TO PAY/ALLOCATION OF PAYMENTS: All goods and services described in each Prior Contract together with goods and services described herein and purchased under this contract are together referred to as the "Property." Buyer agrees to purchase on credit the Property according to the terms of this contract. Buyer promises to pay Seller the Total of Payments shown of the front of this contract in consecutive monthly installments as indicated in the Payment Schedule. Payments received will be applied first to any late charge that you designate to be paid, then to any deferral charge, and thereafter to the unpaid balance of the Total of Payments, unless applicable law requires a different application. Any amounts remaining unpaid on the final payment due date will be due in full on that date. If the Property consists of more than one item purchased at the same time, each installment payment shall be allocated to all the various purchase obligations in the same ratio that the original cash price of each item bears to the total cash prices of all such items.

SECURITY INTEREST: Pursuant to the Tennessee law, Buyer grants a security interest in the Property and all proceeds of the Property, including insurance policy financed by this contract and all proceeds of those policies, and any refunds of insurance premiums, and any refunds of repair service contracts, to secure payment of the purchase price of the Property. In the event of default, Seller will have the rights of a secured party under applicable law and, following any notice and opportunity to cure that may be required by applicable law, may repossess the Property but only if done lawfully and without breach of the peace . Until the debt is paid in full, Buyer will not transfer, abandon, sell, assign, lease or encumber the Property (except for the security interest granted to Seller) without the Seller's written consent. Buyer agrees that the debt owed under this contract must be paid even if the Property is lost, damaged, or destroyed, and any available property insurance proceeds do not pay off the debt in full.

ARBITRATION CLAUSE: In this clause, "we" and "us" mean Seller and its affiliates, subsidiaries, employees, officers, directors, agents, servicers, or assigns. A "Dispute" is any claim, dispute or controversy arising from or relating to this Agreement, including without limitation disputes relating to the Property, this Agreement, other documents you sign or are provided, any claim, dispute, or controversy alleging fraud, misrepresentation, any other claim, whether under common law, equity, or under federal, state, or local law or regulation, any dispute about collection activity we take regarding monies owed under this Agreement, disputes about the scope and validity of this clause, other disputes as to matters subject to arbitration, and disputes about the enforcement or interpretation of any other part of this Agreement. You agree that upon your election or our election, any Dispute shall be resolved exclusively by binding individual arbitration. Arbitration shell be by the American Arbitration Association ("AAA"). The AAA will apply its consumer rules in effect when the claim is filed. Alternatively, with our consent, you may select another arbitration association and its rules. One arbitrator will arbitrate the Dispute. The arbitrator shall be an attorney, retired judge, or arbitrator experienced in consumer finance and debt collection. The arbitrator shall be registered and in good standing with an arbitration association. The arbitrator shall apply this clause and the rules of the selected arbitration association.

Arbitration will be on an individual basis, not as a class action. You waive your right to be a class representative or class member regarding any claim you may have against us. You also waive any right you may have to any consolidation of individual arbitrations. If we sue in court to collect amounts you owe, you agree that any counterclaim you may bring in any such action shall be brought on an individual basis only and not as a class representative or class member. This paragraph is referred to below as the "Class Action Waiver."

This arbitration clause does not waive any of your rights and remedies to pursue a claim individually (and not as a class action) in binding arbitration. Unless the arbitration organization's rules require otherwise, arbitration costs and fees will be split equally up to $500 each. Thereafter, Seller will pay all arbitrator's costs and fees subject to reapportionment in the award. Seller will pay all such fees necessary to ensure that this arbitration clause is enforceable. Unless prohibited by law or the arbitration organization's rules, the arbitrator may award or apportion arbitrator's fees, attorney's fees and costs. The arbitrator may not award relief in a form or amount not allowed by law. Any arbitration hearing will take place near your residence. This arbitration clause shall be governed by the Federal Arbitration Act, and not by any state law that might otherwise apply. Judgment on the award may be entered in any court with jurisdiction. This arbitration clause and Class Action Waiver shall survive the termination, payoff, assignment or transfer of this Agreement. It shall also inure to the benefit of and be binding on each party and their respective heirs, successors and assigns. If any part of this arbitration clause and Class Action Waiver is found by a court to be unenforceable, the rest remains enforceable. If this Class Action Waiver is found by a court to be unenforceable, the entire arbitration clause shall be unenforceable. Notwithstanding the foregoing, each party retains the right to seek relief in a small claims court for disputes or claims within the scope of its jurisdiction, but any such lawsuits and counterclaims will be subject to the Class Action Waiver in this arbitration clause.

YOU MAY OPT OUT OF THIS CLAUSE. To opt out of this Arbitration Clause, send us a notice that you do not want this clause to apply to this Agreement. For your opt out to be effective, you must send your opt out notice to the following address, by registered mail, within 14 days of this Agreement: Conn Appliances, Inc., 4055 Technology Forest Blvd. Suite 210, The Woodlands, TX, 77381 Attention: Credit Compliance Officer.

LATE CHARGE: If a scheduled installment payment is not paid in full upon the 10th day after the scheduled due date, you will be charged either $5 if the installment payment due is $25 or less, or $10 if the installment payment due is more than $25.

RETURNED PAYMENT CHARGE: Buyer agrees to pay a $30 fee if any check or other instrument tendered as payment is returned or dishonored.

PREPAYMENT: Buyer may prepay the unpaid balance of this contract in full or in part at any time before maturity. Partial prepayment will not excuse payment of any later installment. Upon prepayment in full or if the debt is accelerated after default, Buyer shall receive a refund or credit in an amount that represents at least as great a proportion of the finance charge, after first deducting there from an acquisition cost not to exceed the sum of fifteen dollars ($15.00), as the sum of the monthly time balances beginning one (1) month after prepayment is made bears to the sum of all the monthly time balances under the schedule of payments in this contract. If the amount of the refund or credit is less than one dollar ($1.00), no refund or credit will be made. In addition, Seller shall be entitled to receive any proceeds or refunds of prepaid insurance premiums from any insurance company issuing a policy in conjunction with this debt, and such amount shall be credited to the debt or refunded.

DEFERRAL CHARGE: Before or after default, Seller and Buyer may agree in writing to a deferral of all or part of one or more unpaid installments, and Seller may make and collect a charge not exceeding the Annual Percentage Rate disclosed on the front side of this contract, applied to the amount or amounts deferred for the period of deferral calculated without regard to differences in the lengths of months, but proportionally for a part of a month, counting each day as one-thirtieth of a month. The deferral charge must be paid at the time it is assessed. If an installment is not paid within 10 days after its due date, Seller may unilaterally grant a deferral and make the charges as provided in this section, but no deferral charge will be made for a period after the date that Seller elects to accelerate the maturity of the debt.

ACCELERATION UPON DEFAULT: Buyer shall be in default hereunder if: Buyer fails to pay any scheduled installment when due or perform any of the Buyers other obligation hereunder, or Seller believes in good faith that the prospect of Buyer's payment or performance is impaired. If Buyer is in default, Seller may, at its option, following any notice and opportunity to cure that may be required by applicable law, declare immediately due and payable the entire unpaid balance of this contract less any credits or refunds of unearned Finance Charge or insurance premiums as described above under the paragraph entitled "Prepayment". In the event of default, Buyer also agrees that Seller may, at its option and following any notice and opportunity to cure that may be required by applicable law, terminate any insurance contracts purchased through Seller to obtain refunds of unearned charges to reduce what Buyer owes under this contract.

CANCELLATION OF INSURANCE AND REPAIR SERVICE AGREEMENTS: In the event Buyer defaults on this contract which results in subsequent charge off of the contract by the Seller, the Seller may, at its option, without notice or demand, and Buyer hereby authorizes Seller to, cancel any existing insurance policies sold by Seller and/or repair service agreements purchased with this contract. In the event of insurance policy and/or repair service agreement cancellation, any premium refunds will be applied to the balance of this contract. Any amount remaining after repayment of this contract will be refunded to Buyer. If at any time the Buyer elects to cancel the insurance policy or repair service agreement, all refunds due under the policy and/or agreement, as applicable, will be credited to the contract.

MISCELLANEOUS: Buyer represents to Seller that Buyer has not received an extension of credit from any source other than Seller in connection with the purchase of the Property. Buyer agrees that if Seller fails to exercise any of its rights upon default, such failure shall not be considered a waiver of any of Seller's rights with respect to such default or of any rights upon any subsequent defaults. Any part of this contract contrary to the law of Tennessee shall not invalidate other parts of this contract. Buyer and Seller agree to comply strictly with applicable law and further agree that Seller's rights (a) may not be exercised except to the extent permitted by applicable law, (b) will be construed so as to comply with applicable laws, and (c) are limited by applicable laws to the extent such laws may not be lawfully waived. Under no circumstances will Buyer ever be required to pay a Finance Charge or other amount in excess of what the law allows. This contract shall be governed by the laws of the State of Tennessee and applicable federal law.

The Property is bought for use primarily for personal, family, or household purposes and will be kept at the residence of the Buyer. Buyer agrees to pay reasonable attorney's fees (but not in excess of 15% of the unpaid debt after default) if this contract is referred for collection to an attorney who is not a salaried employee of Seller, and court costs and disbursements as allowed by law.

ALL PROPERTY IS PURCHASED WITHOUT EXPRESS OR IMPLIED WARRANTIES FROM SELLER, EXCEPT TITLE. SELLER DISCLAIMS ANY AND ALL WARRANTIES, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. This provision does not affect any applicable manufacturer warranty. In no event shall Seller have any liability for consequential damages for the use of or any defect in the Property unless this disclaimer is not permitted by applicable law.

> NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

PROPERTY RETURNS OR EXCHANGES. Buyer agrees that the Property may be returned or exchanged only in accordance with Seller's published Return & Exchange Policy from time to time in effect, including payment of any applicable restocking fee. If a return results in cancellation of this contract, and Buyer is due a refund of a down payment or other amount, Seller may apply the amount of the refund to the applicable restocking fee if the fee is not paid from other funds at the time the Property is returned, and Buyer will receive the excess amount, if any. If the restocking fee exceeds the refund amount, or if no refund is owed, Buyer agrees to pay the amount of the restocking fee upon return of the Property and the obligation will survive the cancellation of this contract.

PARTIAL RETURNS: If this contract finances the purchase of more than one item of Property, and Buyer returns one or more, but not all items, in accordance with Seller's returns policy, Buyer will receive a credit to the payoff balance under this contract for the portion of the Amount Financed represented by the purchase price of the returned item(s) and the sales tax and Finance Charge attributed to these amounts. Buyer will also receive credit for the unearned portion of the credit insurance premium added to the contract which was attributed to the returned item(s). If Buyer also cancels any service repair agreement relating to the returned item(s), Buyer will receive a credit for any unearned service repair agreement fee if permitted by, and in accordance with, the terms of that agreement. The aggregate credit for the returned item(s) will be applied to the final installment(s) under this contract in the inverse order of maturity unless applicable law requires a different application. Except for the affected final installment(s), the credit will not be applied to cure any past due amounts owing under this contract, or result in the reduction of future monthly payment amounts or postponement of scheduled future installments.

FURNISHING OF CREDIT INFORMATION: Seller may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

ELECTRONIC CHECK CONVERSION: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process as a check transaction.

## ASSIGNMENT

FOR VALUE RECEIVED the Seller hereby sells, assigns and transfers to Conn Credit I, LP a Texas Limited Partnership ("Assignee") (a) all of its rights, title and interest in and to this contract, (b) all of its right, title and interest in and to the indebtedness evidenced hereby or payable hereunder, and (c) all of its right, title and interest in and to all security interests provided herein, including all of its right, title and interest in and to the Property, together with all moneys now and hereafter due and or to become due thereon. Seller has retained all servicing responsibilities. Unless Seller, Assignee, or Bank notifies Buyer otherwise, all payments under this contract must be made to Seller.

The undersigned warrants that the preceding paragraph signed by the Buyer named on the reverse hereof is accurate, complete and up-to-date in all material respects.

SOLD, ASSIGNED, AND TRANSFERRED TO
CONN CREDIT I, LP by CONN APPLIANCES, INC., dba CONN'S

*M. John*

Authorized Signature of Conn Appliances, Inc.
3295 College Street
Beaumont, Texas 77701