THE AMERICAN ARBITRATION ASSOCIATION

VERONICA DAVIS,

    Claimant,

v.                                          Case No. 01-17-0006-8007

CONN APPLIANCES, INC.,

    Respondent

## AWARD

    I, Michael Russell, the arbitrator in the above captioned action, having been appointed in a manner consistent with the parties' agreement, having heard the proof during an in-person hearing in Memphis, Tennessee on February 5, 2019, and having considered both the oral and written arguments of counsel, make the following award in accordance with the Consumer Rules of the American Arbitration Association.

1.     Veronica Davis (hereinafter "Claimant") and Conn Appliances, Inc. (hereinafter "Respondent") entered into a valid retail installment contract on or about August 5, 2015. The contract was for the purchase of certain home furnishings and specifically provided that Claimant may be contacted by Respondent using an automated dialing system for the telephone numbers that Claimant provided.

2.     The contract provided that payments were due on fifth (5th) day of each month, though no late fees would be assessed until the tenth (10th) day after the due date.

3.     Claimant credibly testified that Respondent's representative told her at the time of the contract that the payment would not be considered late until the tenth (10th) day after the due date.

4.     Proof at the hearing corroborated that a "grace period" was a concept that had been used in Respondent's organization. One of Respondent's telephone representatives used that phrase without being prompted, and Clint Walton, Respondent's corporate representative at the hearing, admitted that was a phrase that had been used by company employees in the past.

5.  Respondent systemically and repeatedly called Claimant after the fifth (5th) day of the month but before the tenth (10th) day after the due date using its telephone dialing system, which I find was an automated telephone dialing system.

6.  Claimant brought the present action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq* (hereinafter the "TCPA"), arguing that Respondent violated the TCPA by repeatedly calling her cellular telephone number after Claimant had revoked consent to be called.

7.  As a threshold matter, Respondent argues that the system it used to call Claimant was not an automated telephone dialing system ("ATDS"). The Arbitrator disagrees and finds that the system used by Respondent was an ATDS.

8.  Based upon the testimony at the hearing about the nature of the system, the documentary evidence, the credibility determinations made regarding the witnesses, and the legal authority before me, I find that Respondent's system satisfies the definition of an ATDS.

9.  I find that Claimant revoked her consent to be called by an ATDS on March 13, 2017.

10. Nevertheless, Respondent continued to call Claimant, and Claimant continued to revoke her consent to be called.

11. Respondent argues that, even if Claimant revoked consent at some point, she gave re-consent on subsequent telephone calls. Respondent's argument, however, fails for at least two reasons.

12. First, the Arbitrator has reviewed the totality of the telephone calls at issue. Respondent's argument attempts to take isolated comments out of context. Based on the context of those calls, the tone and inflection in Claimant's voice, and the totality of the statements made, I find that Claimant did not re-consent to the calls.

13. Second, in the alternative, I find that Respondent is equitably estopped from arguing that Claimant re-consented to calls after previously withdrawing her consent. The conversations where Respondent claims that Claimant re-consented would never have taken place had Respondent not continued to violate the TCPA by calling Claimant after consent was withdrawn. To find that Claimant had re-consented would allow Respondent to benefit from its continued violation of the TCPA.

Accordingly, I find that Respondent is equitably estopped from claiming re-consent as a result of telephone calls that never would have taken place had Respondent complied with the TCPA.

14. Respondent violated the TCPA with respect to 306 calls it made after March 13, 2017.

15. When Claimant withdrew her consent, Respondent made an annotation in its records as follows: "STATED IKKNOW [sic] WHO SHE IS DID NOT WANT TO VERIFY AND STATED SHE WILL SUE FOR HARASSMENT . . ." Nevertheless, Respondent continued to call Claimant, and Claimant continued to object to the calls. Accordingly, I find that Respondent's violation of the TCPA was willful and knowing.

16. Because Respondent's violation of the TCPA was willful and knowing, Claimant is entitled to $1500 per call.

17. Accordingly, I hereby award Claimant $459,000.00.

18. The administrative fees of the American Arbitration Association, totaling $2,400, shall be born as incurred, and the arbitrator's compensation, totaling $2,250 shall be born as incurred.

19. Respondent shall have thirty (30) days from the date of this Award to deliver the awarded funds to Claimant.

20. This Award is in full settlement and resolution of all claims and counterclaims in this arbitration. All claims not expressly granted are hereby denied.

IT IS SO ORDERED.

_____
Michael L. Russell
Arbitrator

Date: March 25, 2019