**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CONN APPLIANCES, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION 4:19-CV-01097 |
| VERONICA DAVIS, | § § § | |
| *Defendant.* | § § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**APPLICATION TO VACATE ARBITRATION AWARD**
**AND APPLICATION TO CONFIRM SAME**

Joshua R. Kersey
Attorney-in-Charge
Texas Bar No. 24090206
*Pro Hac Vice*
MORGAN & MORGAN, PA
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 225-5505
Fax: (813) 222-2490
JKersey@ForThePeople.com

**I.      Table of Contents**

I.     Table of Contents ................................................................................................. 2

II.    Table of Authorities ............................................................................................ 3

III.   The Nature and Stage of the Proceedings ........................................................... 4

IV.    Statement of the Issues to be Ruled Upon by the Court ..................................... 4

V.     Summary of Argument ........................................................................................ 4

VI.    Argument and Authorities ................................................................................... 5

        A.     Conn's application to vacate the award should be denied ......................... 5

               1.     Conn's argument misapplies 9 U.S.C. § 10(a)(4) in an attempt to argue that the arbitrator manifestly disregarded the law ................. 6

               2.     There is no other reason to vacate the award ................................ 7

        B.     Davis' application to confirm the award must be granted .......................... 9

VII.   Conclusion ......................................................................................................... 10

## II. Table of Authorities

**Cases:**

*Ammons v. Ally Financial*,
 326 F. Supp. 3d 578 (M.D. Tenn. 2018) ...................................................................... 7, 8

*BG Grp. plc v. Republic of Arg.*,
 572 U.S. 25, 33 (2014) ......................................................................................................... 9

*Citigroup Global Mkts., Inc. v. Bacon*,
 562 F.3d 349 (5th Cir. 2009) ............................................................................................. 7

*Cooper v. WestEnd Capital Mgmt., LLC*,
 832 F.3d 534, 546-47 (5th Cir. 2016) ............................................................................. 8

*Delta Queen Steamboat Co. v. AFL-CIO*,
 889 F.2d 599, 602, 604 (5th Cir. 1989) ......................................................................... 6

*Hall Street Associates, LLC v. Mattel, Inc.*,
 552 U.S. 576 (2008) ......................................................................................................... 6, 7

*IQ Prods. Co. v. WD-40 Co.*,
 No. H-12-1652, 2016 WL 4473028 (S.D. Tex. Aug. 25, 2016) ............................... 9

*Marks v. Crunch San Diego, LLC*,
 904 F.3d 1041 (9th Cir. 2018) ..................................................................................... 5, 7

*McKool Smith, P.C. v. Curtis Int'l, Ltd.*,
 650 F. App'x 208, 212-13 (5th Cir. 2016) .................................................................... 7

*Omega Claims Sols., Inc. v. N'Site Sols., Inc.*,
 No. H-09-1102, 2009 WL 10680772 (S.D. Tex. Dec. 17, 2009) ............................ 9

*Poolre Ins. Corp. v. Organizational Strategies, Inc.*,
 No. H-13-1857, 2014 WL 1320188 (S.D. Tex. Mar. 31, 2014) .............................. 6

*Prestige Ford v. Ford Dealer Comput. Servs., Inc.*,
 324 F.3d 391, 395 (5th Cir. 2003) .................................................................................. 8

**Statutes:**

9 U.S.C. § 9 ..................................................................................................................... 4, 9

9 U.S.C. § 10 ......................................................................................................... 4, 5, 6, 7, 8

47 U.S.C. § 227 *et seq.* ......................................................................................................... 5

3

**III.    The Nature and Stage of the Proceedings**

Davis won an arbitration award in March 2019. (Dkt. 1-7). Conn applied to vacate the award under 9 U.S.C. § 10(a)(4). (Dkt. 1). Now, Davis responds in opposition to Conn's application to vacate the arbitration award and respectfully requests that the Court deny Conn's application to vacate, and grant Davis' application to confirm the award.

**IV.    Statement of the Issues to be Ruled Upon by the Court**

1.    Whether to deny Conn's application to vacate Davis' arbitration award under 9 U.S.C. § 10(a)(4) which provides that a court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.".

2.    Whether to then grant Davis' application to confirm the arbitration award under 9 U.S.C. § 9, which provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 USCS §§ 10, 11]."

**V.    Summary of Argument**

Courts across the country are at odds regarding application of the TCPA. In pre-hearing briefing, during the final hearing, and in post-hearing briefing, Conn cited to a list of cases supporting its view of the law. *See, e.g.*, (Dkt. 1-5; 1-6) (Conn's Pre- and Post-Hearing Arbitration Briefs, respectively). Davis also cited to a list of cases supporting her view of the law. *See, e.g.,* **Exhibits 1** and **2** (Davis' Pre- and Post-Hearing Arbitration Briefs, respectively). The arbitrator was asked to decide which of the two positions he found more persuasive. Conn's counsel acknowledged this much during his opening statement at the final arbitration hearing:

> And we're going to have a big battle as to what the applicable standard is under the law, and there's a lot of briefing and there's an emerging set of case law following the *Marks* decision. And I know they want you to follow a case that came from before, and we're going to ask you to follow cases that come from after. **And the Arbitrator is going to get to make that decision.**

**Exhibit 3** at Tr. 13:15-23 (emphasis added). The arbitrator considered the testimony and the arguments of counsel and he made his decision: he agreed with Davis' arguments and supporting case law.

Now Conn asks the Court to vacate that award because Conn argues the arbitrator "exceeded his powers" by not agreeing with Conn. That is not a legitimate ground to vacate the award under any standard. Therefore, as discussed below, Davis respectfully requests that Conn's application to vacate her arbitration award be denied.

**VI.    Argument and Authorities**

    **A.    Conn's application to vacate the award should be denied.**

Conn's argument is that Davis' arbitration award should be vacated under 9 U.S.C. § 10(a)(4) because the arbitrator exceeded his powers. The basis of Conn's argument can be summarized as follows:

- The arbitration agreement provides "[t]he arbitrator may not award relief in a form or amount not allowed by law;" (Dkt. 1 at ¶ 2)

- The applicable law is the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"); (*Id.* at ¶¶ 3-4)

- To be regulated by the TCPA, an autodialer (ATDS) must have the capacity to generate random or sequential numbers; (*Id.* at ¶ 5)

- Davis stipulated (for purposes of her specific arbitration) that Conn's autodialer cannot generate random or sequential numbers; (*Id.* at ¶ 6)

- The arbitrator awarded Davis statutory damages despite that stipulation; (*Id.* at ¶ 7)

5

- Therefore, by awarding Davis anything at all, the arbitrator exceed his powers by awarding relief in a form or amount not allowed by law, because the TCPA does not apply to Conn's autodialer.

Conn's argument fails entirely. The arbitrator did not exceed his powers, and any type of "manifest disregard of the law" argument is foreclosed by *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008). Even if it were not, the arbitrator did not demonstrate a manifest disregard for the law—he did not even misapply the law. There is simply no legitimate basis to vacate the award. Therefore, Conn's application to vacate Davis' arbitration award should be denied and, because there are no grounds to vacate or modify the award, it must be confirmed.

### 1. Conn's argument misapplies 9 U.S.C. § 10(a)(4) in an attempt to argue that the arbitrator manifestly disregarded the law.

Under 9 U.S.C. § 10(a)(4), a court may vacate an arbitration award "where the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." This basis for permissible vacatur "derives its force from the general rule that an arbitrator's powers are 'dependent on the provisions under which the arbitrators were appointed.'" *Poolre Ins. Corp. v. Organizational Strategies, Inc.*, No. H-13-1857, 2014 WL 1320188, at *14 (S.D. Tex. Mar. 31, 2014) (*quoting Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002)). Arbitrators exceed those powers when they act "contrary to express contractual provisions," particularly regarding the scope of their authority. *Delta Queen Steamboat Co. v. AFL-CIO*, 889 F.2d 599, 602, 604 (5th Cir. 1989). But "as long as [an honest] arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision". *Poolre Ins. Corp.*, at *14 (citing *E. Associated Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57, 62 (2000)).

6

The arbitrator in this case did not act contrary to any express contractual provision regarding the scope of his authority or any other matter. It cannot be said that the arbitrator was not honest in construing or applying the contract and acting within the scope of his authority when his opinion is supported by the majority of district courts in the country (including the opinion of the Chief Judge of the Middle District of Tennessee in *Ammons v. Ally Financial*, 326 F. Supp. 3d 578 (M.D. Tenn. 2018)) and the Ninth Circuit Court of Appeals in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018). *See* Exhibit 1 at pp. 25-29.

### 2. There is no other reason to vacate the award.

A court may vacate an award only if the award was procured by corruption, fraud, or undue means, the arbitrator was evidently partial or corrupt, the arbitrator was guilty of misconduct, or the arbitrator exceeded his or her powers. *See Hall Street*, 552 U.S. at 586; 9 U.S.C. § 10(a)(1)-(4). In its application for vacatur, Conn does not *actually* argue that the arbitrator exceeded his powers. The basis of Conn's argument is actually that the arbitrator disregarded the law. (*See* section VI.A., *supra*, detailing how Conn's argument for vacatur is actually based on the fact that the arbitrator did not agree with the arguments and case law interpreting the TCPA that Conn's put forward, but instead with the case law and arguments Davis put forward).

Conn's argument is foreclosed by *Hall Street*. *See Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (holding that "manifest disregard of the law," as an independent nonstatutory ground for vacatur, did not survive the *Hall Street* holding).

But even under the pre-*Hall Street* standard, Conn's argument still would not come close to providing grounds to vacate the award. *See e.g., McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 F. App'x 208, 212-13 (5th Cir. 2016) ("Under our pre-*Hall* opinions addressing manifest

7

disregard of the law, we held that manifest disregard of the law 'mean[t] more than error or misunderstanding with respect to the law.' *Prestige Ford v. Ford Dealer Comput. Servs., Inc.*, 324 F.3d 391, 395 (5th Cir. 2003) (*quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir. 1986)). It meant that 'the arbitrator appreciate[d] the existence of a clearly governing principle but decide[d] to ignore or pay no attention to it.' *Id.* (*quoting Merrill Lynch*, 808 F.2d at 933); *see id.* ('The governing law alleged to have been ignored by the arbitrators **must be well defined, explicit, and clearly applicable.**')") (emphasis added).

Here, there is no doubt the arbitrator considered the applicable law. The arbitration award at issue begins:

> I, Michael Russell, the arbitrator in the above captioned action, having been appointed in a manner consistent with the parties' agreement, **having heard the proof during an in-person hearing in Memphis, Tennessee on February 5, 2019, and having considered both the oral and written arguments of counsel**, make the following award in accordance with the Consumer Rules of the American Arbitration Association.

(Dkt. 1-7 at p. 1) (emphasis added). Moreover, the state of TCPA law is anything but "well defined, explicit and clearly applicable." Conn conceded that fact in the pre-hearing brief it attached as an exhibit to its application to vacate the award. *See* Dkt. 1-5 at pp. 12-13 (acknowledging the holding in *Marks* is contrary to Conn's position); *id.* at p. 13, fn. 15 (acknowledging that there is no binding Sixth Circuit precedent and that the holding in *Ammons* is contrary to Conn's position); *see also*, Exhibit 1 at pp. 25-29 (where Davis provided the arbitrator with 20 opinions whose holdings are consistent with Davis' position).

Even if the arbitrator had misconstrued the law, which he did not, there still would not be sufficient grounds to vacate the award. *Cooper v. WestEnd Capital Mgmt., LLC*, 832 F.3d 534,

546-47 (5th Cir. 2016) ("The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law . . . is a risk that every party to arbitration assumes. Such legal errors 'lie far outside the category of conduct embraced by § 10(a)(4).'").

On matters committed to arbitration, the Federal Arbitration Act provides for "just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway" and to prevent it from becoming "merely a prelude to a more cumbersome and time-consuming judicial review process." *BG Grp. plc v. Republic of Arg.*, 572 U.S. 25, 33 (2014) (*quoting Hall*, 552 U.S. at 588). Conn cannot use an application to vacate as a vehicle to re-litigate its case. As this Court has said, "[w]hen an arbitration award is at issue, the district court does not sit as an appellate court or a court of review, to decide the merits of the grievance or the correctness of the award." *IQ Prods. Co. v. WD-40 Co.*, No. H-12-1652, 2016 WL 4473028, at *3 (S.D. Tex. Aug. 25, 2016) (quoting *Weinberg v. Silber*, 140 F. Supp. 2d 712, 718 (N.D. Tex. 2001), *aff'd*, 57 Fed. Appx. 211 (5th Cir. 2003)). The "limitation on judicial review stems from the United States Supreme Court's belief — with which the Court of Appeals for the Fifth Circuit agrees — that 'any [judicial] review beyond a cursory examination for outrageous behavior on the part of the arbitrator would impede the speed of the process and 'bring arbitration theory to grief.'" *Omega Claims Sols., Inc. v. N'Site Sols., Inc.*, No. H-09-1102, 2009 WL 10680772, at *3 (S.D. Tex. Dec. 17, 2009) (citing Judge Gray H. Miller & Emily Buchanan Buckles, Reviewing Arbitration Awards in Texas, 45 Hous. L. Rev. 939, 944-948 (2008)).

    **B.**    **Davis' application to confirm the award must be granted.**

Section 9 plainly states that the award must be confirmed if it is not vacated. 9 U.S.C. § 9 ("at any time within one year after the award is made any party to the arbitration may apply to

the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 USCS §§ 10, 11]."). Therefore, because Davis' arbitration award should not be vacated, modified, or corrected, it must be confirmed.

## VII. Conclusion

For the foregoing reasons, Conn has failed to demonstrate any grounds to vacate Davis' arbitration award and its application to vacate the award should be denied. Defendant Veronica Davis respectfully requests that this Honorable Court deny Conn's application to vacate the arbitration award and, accordingly, that the Court grant Davis' application to confirm the award.

Respectfully submitted,

*s/ Amy E. Clark*
Amy E. Clark, Esquire
Texas Bar Number: 24043761
Amy Clark Law
223 W. Anderson Lane B-508
Austin, Texas 78752
Phone: (512) 850-5290
amy@amyclarklaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on June 19, 2019, a copy hereof was (is being) filed with the Clerk of Court via CM/ECF system, which will generate a Notice of Electronic Filing to all counsel of record, including:

Michael A. Harvey
Nolan C. Knight
Christopher M. Jordan
MUNSCH HARDT KOPF & HARR
700 Milam, Ste. 2700
Houston, TX 77002
E-mail: mharvey@munsch.com
E-mail: nknight@munsch.com
E-mail: cjordan@munsch.com

*s/ Amy E. Clark*
Amy E. Clark, Esquire
Texas Bar Number: 24043761
*Certifying Attorney*