UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONN APPLIANCES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-1097 |
| | § | |
| VERONICA DAVIS, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is plaintiff Conn Appliances, Inc.'s ("Conn Appliances") motion to vacate (Dkt. 1) and defendant Veronica Davis's ("Davis") cross motion to confirm an arbitration award (Dkt. 11). Both parties have responded and the motions are ripe for disposition. Having reviewed the motions, responses, replies, record evidence, and applicable law, the court is of the opinion that Conn Appliances's motion should be DENIED and Davis's motion should be GRANTED.

**I. BACKGROUND**

Davis and Conn Appliances entered into a retail installment contract ("Agreement") on August 5, 2015, in which the parties agreed to arbitrate any disputes arising under the Agreement. Dkt. 1 at 6. Davis also consented to Conn Appliances calling her mobile phone if she missed payments. *Id.* Over two years, Conn Appliances called Davis more than 850 times regarding past due payments, which Davis alleges violated the Telephone Consumer Protection Act. ("TCPA") once she revoked her consent to receive phone calls in October 2015. Dkt. 1-3 at 4. Pursuant to the Agreement, Davis initiated an arbitration on her TCPA claim against Conn Appliances on November 7, 2017. Dkt. 1 at 6.

At arbitration, Conn Appliances argued Davis's claim failed because the TCPA only prohibits using an automatic telephone dialing system ("ATDS") to call individuals without their

consent and Davis could not meet the legal definition of ATDS. *See* Dkt. 1-5 at 1-2. Conn Appliances asserted that an ATDS must have the capacity to use a random or sequential number generator to produce numbers to be dialed to meet the statutory definition in the TCPA, but also acknowledged a split in authorities among the circuits regarding ambiguity in the TCPA language and the precise definition of ATDS. *See id.* at 12-13. Conn Appliances further noted that the Sixth Circuit Court of Appeals had not considered the issue. Dkt. 1-5 at 13, n.15. Davis stipulated for purposes of her arbitration that Conn Appliances "does not utilize a random or sequential numbers generator for using dialing phone numbers." Dkt. 1-2 at 9.

The Agreement is "governed by the laws of the State of Tennessee and applicable federal law," and does not allow the arbitrator to "award relief in a form or amount not allowed by law." *See* Dkt. 1-1. On March 25, 2019, after hearing "the proof during an in-person hearing" and considering "the oral and written arguments of counsel," the arbitrator found that "the system used by [Conn Appliances] was an ATDS," Conn Appliances "violated the TCPA with respect to 306 calls," and awarded Davis $459,000 in damages. Dkt. 1-7.

Conn Appliances filed an application to vacate the arbitration award under section 10(a)(4) on March 25, 2019. Dkt. 1. Davis responded and filed her motion to confirm the arbitration award on June 19, 2019.[1] Dkt. 11.

## II. APPLICABLE LAW

The FAA reflects "a liberal federal policy favoring arbitration . . . and the fundamental principle that arbitration is a matter of contract. *AT&T Mobility v. Concepcion*, 563 U.S. 333, 339 (2011). If a party seeks confirmation of an arbitration award within one year of it being awarded, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9. Section 10 permits "an award vacating the award

---

[1] The court stayed these proceedings on April 8, 2019 pending the outcome of an appeal in a factually similar case. Dkt. 8. Davis filed a motion to lift the stay along on the same day as her request for award confirmation. Dkt. 10.

. . . where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4).

"[C]ourts may vacate an arbitrator's decision only in very unusual circumstances." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013). "In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow," and "[t]he party challenging an arbitrator's award under § 10(a)(4) 'bears a heavy burden.'" *Cooper v. WestEnd Capital Management, LLC*, 832 F.3d 534, 544-45 (5th Cir. 2016) (quoting *Oxford Health Plans*, 569 U.S. at 569.

"The question is whether the arbitrator's award was so unfounded in reason and fact, so unconnected with the wording and purpose of the contract as to manifest an infidelity to the obligation of an arbitrator." *Id.* at 545 (internal quotations omitted). "An arbitrator has not exceeded his powers unless he has utterly contorted the evident purpose and intent of the parties." *Id.*

### III. ANALYSIS

After reviewing the record evidence, the court finds that the arbitrator presented sufficient rationale to confirm the award. Conn Appliances argues the arbitrator exceeded his authority when he determined it used an ATDS to contact Davis because the statutory definition requires an ATDS have the capacity to use a random or sequential number generator to produce numbers to be dialed, which Davis stipulated was not true in this instance. Dkt. 1 at 4-5. This is the same argument Conn Appliances raised at arbitration, which the arbitrator found unpersuasive. *See* Dkt. 1-5 at 2; Dkt. 1-6 at 3-4; Dkt. 1-7 at 2. The court cannot conclude the award is so unfounded in reason and fact to manifest an infidelity to the obligation of the arbitrator. "In sum, [Conn Appliances] chose arbitration, and it must now live with that choice." *Oxford Health Plans*, 569 U.S. at 573.

## IV. Conclusion

The court finds the arbitrator did not exceed the powers delegated to him by Davis and Conn Appliances. Therefore, Conn Appliances's motion to vacate (Dkt. 1) is DENIED, and Davis's motion to confirm the arbitration award (Dkt. 11) is GRANTED.

Signed at Houston, Texas on November 15, 2019.

_____
Gray H. Miller
Senior United States District Judge